# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ALFREDA CHRISTIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:10-CV-155 TLS |
| | ) | |
| JOHN SIMPSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Alfreda Christian, a Plaintiff proceeding *pro se* in this matter, filed an amended complaint and a petition seeking leave to proceed *in forma pauperis*. Christian alleges that Deputy United States Marshals visited her at her mother's home and spoke to her. As a result, she is seeking $14,190,960 in damages (just over $9 million in future earnings and $5 million in general damages). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless,

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The Court must accept as true all well-pleaded facts and draw

all permissible inferences in the Plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Iqbal*, 129 S. Ct. at 1950–51. "[D]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Christian alleges that the visit by the Marshals was prompted by personal comments she made about several judges in prior lawsuits.

> They, Mr. Simpson, repeatedly told me that I had written that Judges Grant, St. Eve, Wood, Rovner, Kanne, and Murphy were affiliated with the Ku Klux Klan, but they refused to show me any of my writings or proof to support what they were saying was true. I said I had used the words "Ku Klux Klan" to make comparisons of how my human rights were violated by the mentioned judges in the same way or similar way some African American plaintiffs and their human rights were violated by various hate groups and by all-White American judges in earlier Human Rights Movements in earlier times and in recent times too sometimes. I told them that I didn't have any proof to say that the mentioned judges in the Northern District of Illinois Eastern Division and in the 7th Circuit Appeals Court were actually members of being affiliated with the Klan and that's why I never said or wrote that they were members of the Klan, but I did compare the judges' actions in their rulings against my fundamental rights, my life, my person, my property, and my liberties with the Klan because I belief the mentioned judges know about the U.S. Constitution, its Bill of Rights, and its Civil Rights-Human Rights Amendments as a requirement to be judges and because, obviously, the Klan is mainly well known to violate and oppress the full human rights and fundamental rights of African Americans like me and judges as

well according to federal cases that I cited and I cited over 100 federal cases to support my arguments in the court of appeals 7th circuit, depriving many African American plaintiffs intentionally of the full human rights and not treating them like full human beings because they don't see people who look like me as being full human beings which stems from U.S. slavery.

Amended Complaint at 7-8, DE 4.

The Marshals had no obligation to show Christian the things she wrote about the judges, but those statements are relevant to why they chose to visit her. She wrote that "Kanne, Rovner, and Wood violated my human rights and my civil rights like members of the Ku Klux Klan would do . . .." *Christian v, Walgreen Co.*, 1:10-CV-2489, DE 1-1 at 9 (N.D. Ill. Filed Apr. 22, 2010). "Kanne, Rovner, and Wood treated me like a nigger . . .." *Id.* at 10.

> Even a child would know something is inherently, unduly, unethical, and immorally wrong with Kanne, Rovner, and Wood's Final Judgment. That's the reason why I won't stop in this Civil Rights Movement (which includes this case) until justice is served, humanely respected by judges, and not taken lightly for granted or corrupted, until the judges and co-conspirators won't deny me my human rights and my civil rights, until the judges and co-conspirators stop contributing to my being homeless without fundamental rights and without basic needs . . ..

*Christian v. Walgreen Co.,* No. 09-3594, DE 22 at 18 (7th Cir. filed Apr. 12, 2010).

> Like in the past U.S. history, still too many White American judges need to stop using their race without using moral reasoning, human reasoning, wisdom, and intellect to violate the rights of a protected or disadvantaged minority like me and need to stop violating humane provisions; otherwise, what's the difference between you and the Devil or the epitome of evil?

*Id.*

> The U.S. Justice Department needs to go after and investigate terrorists and bad judges in the United States to stop or punish them because they are extremely dangerous to Civil Rights/Human Rights Movements and because they are extremely frightening, especially go after Federal bad judges so that terrorists can have role models to emulate.

*Id.* at 17.

These personal statements about these judges are not legal arguments, but they could be read as implied threats or veiled invitations to violence. Certainly Christian has the right to disagree with the rulings of these (or any) judges. Certainly she has the right to express these disagreements. What she does not have the right to do, what no one has the right to do, is to threaten or incite the use of violence. It is the duty of the United States Marshals Service to investigate both actual and potential threats such as these. Though Christian may not have intended her filings as threats, it was proper for the Marshals to have investigated her intentions by speaking to her.

Christian brings this claim under § 1985, which deals with racially motivated conspiracies to interfere with civil rights. Christian alleges that the Marshals are attempting to conspire against her to frame, harm, or kill her. However, no facts presented in the amended complaint suggest either a conspiracy nor intent to injure her in any way. In § 1985 cases, vague and conclusory allegations of a conspiracy state no claim upon which relief can be granted. *Amundsen v. Chicago Park District*, 218 F.3d 712, 718 (7th Cir. 2000). Here, the facts alleged by Christian are merely that she voluntarily spoke to the Marshals when they visited her.

In her twenty-three page amended complaint, Christian alleges that the Marshals were harassing her, but the facts presented in her amended complaint do not support this allegation. Rather, the facts she presents demonstrate that the Marshals were merely investigating the personal remarks she admittedly made about several judges. Christian also states that the Marshals stayed for around an hour. She does not allege, and based on this amended complaint it would not be reasonable to infer, that she asked them to leave. She states she was intimidated because the Marshals carried guns. She does not allege, nor can it be inferred, that they ever

4

brandished their guns or threatened violence. There is nothing in her amended complaint to demonstrate that the Marshals acted outside the scope of their proper duties. Christian has not shown that the Marshals' visit was in any way inappropriate. As such, there is simply no basis for finding them that they violated any of the Plaintiff's Constitutional rights.

For the forgoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED on June 16, 2010

                                           s/ Theresa L. Springmann
                                           THERESA L. SPRINGMANN
                                           UNITED STATES DISTRICT COURT
                                           FORT WAYNE DIVISION